# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| MILDRED LOCKHART, | : |
| Plaintiff, | : |
| v. | : |
| PATENAUDE & FELIX, A PROFESSIONAL CORPORATION; and Does 1-10, inclusive, | : |
| Defendant. | : |

Civil Action No.: _____

**COMPLAINT**

For this Complaint, the Plaintiff, MILDRED LOCKHART, by undersigned counsel, states as follows:

## JURISDICTION

1.   This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4.   The Plaintiff, MILDRED LOCKHART ("Plaintiff"), is an adult

individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant PATENAUDE & FELIX, A PROFESSIONAL CORPORATION ("P & F"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by P & F and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      P & F at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to P & F for collection, or P & F was employed by the Creditor to collect the Debt.

2

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. P & F Engages in Harassment and Abusive Tactics**

## FACTS

12.    P & F sued Plaintiff on the Debt in the Eighth Judicial District Court, Clark County, Nevada (the "District Court"), bearing docket number A-11-638746-C .

13.    P & F thereafter obtained judgment against the Plaintiff and applied to the Court for a Writ of Execution to levy on Plaintiff's wages.

14.    P & F's request for writ was granted and thereafter P & F began garnishing Plaintiff's wages.

15.    On or about April 16, 2013, the Plaintiff filed with the District Court a "claim of exemption from execution" which was noticed for hearing on June 5, 2013.

16.    On June 5, 2013, prior to the hearing, the Plaintiff was approached by Joseph Dinoia ("Mr. Dinoia"), an attorney and debt collector acting for P & F.

17.    Mr. Dinoia stopped the Plaintiff in the hallway and asked to speak with her.

18.    Mr. Dinoia, while acting as a debt collector and attempting to collect the Debt, asked the Plaintiff if she was "Mildred Lockhart."

3

19.     Plaintiff asked Mr. Dinoia why he was requesting this information.

20.     Mr. Dinoia responded that he was from P & F and wanted to know if she brought "any documentation such as check stubs."

21.     Plaintiff advised Mr. Dinoia she did not have anything to provide him and she ceased answering Mr. Dinoia's questions.

22.     At no time during this conversation did Mr. Dinoia communicate to the Plaintiff that he was a "debt collector".   Mr. Dinoia, acting for P & F, therefore violated 15 U.S.C. § 1692e(11).

23.     At no time did Mr. Dinoia during this conversation communicate to the Plaintiff that this conversation was an "attempt to collect a debt" or that his communication "was from a debt collector".   Mr. Dinoia, acting for P & F, therefore violated 15 U.S.C. § 1692e(11).

## C. **Plaintiff Suffered Actual Damages**

24.     The Plaintiff has suffered and continues to suffer actual damages as a result of P & F's unlawful conduct.

25.     As a direct consequence of P & F's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26.     Plaintiff has also contemplated filing bankruptcy as a result of

Defendant's illegal conduct to stop harassing calls in the future.

## D. <u>Respondeat Superior Liability</u>

27.    The acts and omissions of P & F, and the other debt collectors employed as agents by P & F who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant P & F.

28.    The acts and omissions by P & F and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by P & F in collecting consumer debts.

29.    By committing these acts and omissions against Plaintiff, P & F and these other debt collectors were motivated to benefit their principal, Defendant P & F.

30.    P & F is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

…

…

…

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

34.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants communications with Plaintiff failed to include a "mini-Miranda" warning, "This is an attempt to collect a debt" and/or that the "communication is from a debt collector".

35.     The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants failed to provide Plaintiff the true name of the debt collector's business.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

6

37.    The Plaintiff is entitled to damages as a result of Defendants'
violations.

38.    The Plaintiff has been required to retain the undersigned as counsel to
protect his legal rights to prosecute this cause of action, and is therefore entitled to
an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the
Defendants awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1.  for actual damages including, but not limited to, the emotional distress
    the Plaintiff has suffered (and continues to suffer) as a result of the
    intentional, reckless, and/or negligent FDCPA violations pursuant to 15
    U.S.C. § 1692k(a)(1);

2.  for statutory damages of $1,000.00 pursuant to 15 U.S.C.
    §1692k(a)(2)(A);

3.  for punitive damages; and

…
…
…

4. for any other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 28, 2013

Respectfully submitted,

By  /s/David H. Krieger, Esq.
    _____

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*MILDRED LOCKHART*

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF NEVADA          )
                                        ) ss
COUNTY OF CLARK          )

Plaintiff MILDRED LOCKHART, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


*Mildred Lockhart*

MILDRED LOCKHART, Plaintiff